UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               -v-

PAJTIM HOTI,

               Defendant.

No. 15-CR-651-LTS-1

## ORDER

On August 9, 2016, Defendant Pajtim Hoti was sentenced to 168 months' imprisonment and three years' supervised release for carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2. (Docket entry no. 80.) Mr. Hoti now makes a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docket entry no. 134.) Mr. Hoti argues that he is an ideal candidate for compassionate release because of Amendment 829 and his youthful offender status, his good conduct and efforts at rehabilitation, and his medical conditions.[1] (Id. at 1-3.) The Government disagrees and filed an opposition (docket entry no. 141), to which Mr. Hoti replied (docket entry no. 144). For the reasons set forth below, the Court denies Mr. Hoti's motion in its entirety.

## I.      BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this matter, and sets forth only that necessary for the instant Order.

---

[1] Mr. Hoti also asks for appointment of counsel for his motion for compassionate release. (Docket entry no. 134, at 5-6.)

On November 25, 2012, Mr. Hoti and four other individuals—Xhem Hoti (the Defendant's brother),[2] Ismeal Vasquez, Nelson Veras, and a cooperating witness—participated in a carjacking that involved four victims.  (Docket entry no. 93 ("PSR") ¶¶ 9-11.)  The carjacking was violent, and the perpetrators used a firearm and a baseball bat to commit the offense.  (Id.)  One of the victims was struck in the body and head with a baseball bat, requiring hospitalization.  (Id.)

On May 2, 2016, Mr. Hoti pleaded guilty to carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2.  (Docket entry no. 52.)  On August 9, 2016, Mr. Hoti was sentenced to 168 months' imprisonment and three years' supervised release.  (Docket entry no. 80.)  Mr. Hoti's projected release date is April 27, 2028.  (Docket entry no. 141, at 3.)

## II.    LEGAL STANDARD

A court may grant compassionate release if "(1) a defendant has exhausted all administrative remedies with the BOP, (2) 'extraordinary and compelling reasons warrant such a reduction,' (3) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (4) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent they apply."  United States v. Stillwell, No. 13-CR-0521-RA, 2026 WL 276018, at *3 (S.D.N.Y. Feb. 3, 2026) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Additionally, "[t]he defendant bears the burden of proving that he is entitled to compassionate release."  United States v. Saez, No. 16-CR-0317-PAE, 2024 WL 303847, at *2 (S.D.N.Y. Jan. 26, 2024).

Following the November 2023 amendments to the Sentencing Guidelines, Section 1B1.13 sets forth Sentencing Commission policy as to what constitutes "extraordinary and

---

[2]    As used herein, Mr. Hoti refers to Defendant Pajtim Hoti.

compelling reasons" justifying compassionate release.  Stillwell, 2026 WL 276018, at *3 (citing

United States v. Cheng, No. 21-CR-0261-RA, 2025 WL 573767, at *2 (S.D.N.Y. Feb. 21,

2025)).  These reasons include "the defendant's medical circumstances, his age, his family

circumstances and abuse he suffered at the hands of prison officials."  Id. (citing U.S.S.G.

§ 1B1.13(b)).  Under the Section's catchall provision, a court may also consider "[o]ther

[r]easons" that are "similar in gravity" to the four enumerated reasons.  U.S.S.G. § 1B1.13(b)(5).

Because Mr. Hoti is proceeding pro se, the Court has reviewed his submissions

with "special solicitude," construes them "liberally" and interprets them "to raise the strongest

arguments that they suggest."  Bloodywone v. Bellnier, 778 F. App'x 52, 53 (2d Cir. 2019)

(quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006)).

### III.    DISCUSSION

Mr. Hoti raises a number of arguments as to why his case presents "extraordinary

and compelling reasons" for a sentence reduction, but none are sufficient.  Accordingly, his

motion must be denied.

First, Mr. Hoti contends that compassionate release is warranted in light of

Amendment 829, which, on November 1, 2024, amended Section 5H1.1 to provide that "[a]

downward departure also may be warranted due to the defendant's youthfulness at the time of

the offense or prior offenses."  U.S.S.G., App. C, amend. 829 (2024).[3]  However, "Defendant is

ineligible for a sentence reduction on the basis of Amendment 829 because Amendment 829 is

not retroactive and thus does not authorize a sentence reduction."  See United States v. Diaz, No.

---

[3]    Amendment 829 and Section 5H1.1 have since been superseded by Amendment 836, which, as of November 1, 2025, deleted Section 5H1.1.  United States v. Cummings, No. 12-CR-0031-VM, 2025 WL 3239812, at *2 (S.D.N.Y. Nov. 20, 2025).

07-CR-0387-CM, 2025 WL 3206742, at *2 (S.D.N.Y. Nov. 17, 2025); see also, e.g., United States v. Parrot, No. 21-CR-0691-RMB, 2025 WL 995398, at *2 (S.D.N.Y. Apr. 3, 2025) ("Pursuant to Section 1B1.13 of the Sentencing Guidelines, any amendment to the Guidelines that has not been made retroactive 'shall not be considered for purposes of determining whether an extraordinary and compelling reason exists.'" (quoting U.S.S.G. § 1B1.13(c))).

Moreover, to the extent that Mr. Hoti argues that his youthfulness at the time he committed the underlying offense should warrant a sentence reduction—regardless of Section 5H1.1 and Amendment 829—that too fails. The Court considered Mr. Hoti's age at the time of sentencing (see docket entry no. 88 (sentencing hearing transcript), at 28-30), and a compassionate release motion is "'not an opportunity to second guess or to reconsider' the sentencing court's original decision," United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020)). Furthermore, Mr. Hoti's youthfulness does not, standing alone, qualify as an "extraordinary and compelling reason" for compassionate release. See United States v. Delvalle, No. 17-CR-0314-VM, 2024 WL 3934989, at *4 (S.D.N.Y. Aug. 23, 2024) ("Courts in this District have denied similar motions for compassionate release based on the defendant's age, where the defendant's actions were calculated and deliberate and not the product of duress." (citing cases)).

Next, Mr. Hoti contends that he should receive a sentence reduction because he has only approximately two years remaining before his projected release date, has been "conduct free for over (3) years," "continues to work towards his rehabilitative efforts," "has completed all mandated programs," and "continues to strive to address his drug treatment needs," including by participating in a medication-assisted treatment program and a residential drug abuse program, the latter of which he expects to complete on July 21, 2026. (Docket entry no. 134, at 2.) Mr.

Hoti also submits a series of certificates from various programs that he has completed over the past several years.  (Id. at 7-12.)  While Mr. Hoti's rehabilitation is highly commendable and is an encouraging sign for his eventual reentry into society, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for sentence reduction.  28 U.S.C. § 994(t); see also U.S.S.G. § 1B1.13(d); Stillwell, 2026 WL 276018, at *5 (explaining that "[a] productive institutional record while incarcerated is what is expected and is not a basis for a sentence reduction").

Lastly, Mr. Hoti points to his medical ailments, namely what he describes as "a puntured [sic] lung and asthema [sic]."  (Docket entry no. 134, at 3.)  Mr. Hoti, however, fails to provide any evidence substantiating his claims or describing how his ailments reach the level of "extraordinary and compelling."  See Stillwell, 2026 WL 276018, at *2 ("extraordinary and compelling" medical conditions include (1) a 'terminal illness,' (2) a 'serious physical or medical condition' that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover,' or (3) a 'medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.'" (quoting U.S.S.G. § 1B1.13(b)(1))); United States v. Haylock, No. 19-CR-0846-KPF, 2024 WL 4691023, at *8 (S.D.N.Y. Nov. 6, 2024) (finding that defendant's asthma, chronic sinusitis, chronic migraines, and an abnormal liver function test did not establish an extraordinary and compelling reason warranting a sentence reduction).  To the contrary, the Government proffers evidence showing that Mr. Hoti is in generally good health.  (Docket entry no. 141, at 7.)  Furthermore, even assuming the legitimacy and severity of his medical conditions, Mr. Hoti fails to submit evidence that he is unable to provide self-care or that BOP is unable to treat his

conditions.  See United States v. Thomas, No. 12-CR-0174-KPF, 2025 WL 2879280, at \*5

(S.D.N.Y. Oct. 8, 2025); United States v. Radulescu, No. 19-CR-0651-SHS, 2024 WL 4200388,

at \*1 (S.D.N.Y. Sept. 16, 2024).

IV.    CONCLUSION

For the foregoing reasons, Mr. Hoti's motion for compassionate release is

denied.[4]  Docket entry no. 134 is resolved.  The Clerk of Court is respectfully directed to mail a

copy of this Order to Mr. Hoti at the address below.

SO ORDERED.

Dated: New York, New York
       March 10, 2026

_/s/ Laura Taylor Swain_____
LAURA TAYLOR SWAIN
Chief United States District Judge

**Mail to:**

Pajim Hoti (No. 72852-054)
USP Florence
PO Box 7000
Florence, CO 81226

---

[4]    Mr. Hoti's request for appointment of counsel is also denied because "[a] defendant has no right to assistance of counsel in filing a motion for compassionate release" and because the "issues presented in [Mr. Hoti's] motion for compassionate release are not legally complex and his arguments lack merit."  United States v. Romano, 707 F. Supp. 3d 233, 234 n.1 (E.D.N.Y. 2023).