UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

PAJTIM HOTI,

Defendant.

No. 15-CR-651-LTS-1

ORDER

On August 9, 2016, Defendant Pajtim Hoti was sentenced to 168 months'

imprisonment and three years' supervised release for carjacking, in violation of 18 U.S.C.

§§ 2119(1) and 2.  (Docket entry no. 80.)  As part of his sentence, Mr. Hoti was also ordered to

"pay restitution in the total amount of $23,150.00 to the victim[.]"  (Docket entry no. 81.)  Mr.

Hoti now makes a pro se motion to "request that [his] restitution payments be reduced to $25.00

every three months (every 90 days)."  (Docket entry no. 139.)  That motion, which was opposed

by the Government (docket entry no. 142), is denied for the reasons set forth below.

Mr. Hoti agreed to enter the Inmate Financial Responsibility Program ("IFRP").

(Docket entry no. 143, at 5 (executed agreement).)  The IFRP is "a program maintained to

encourage inmates to meet the financial obligations of their sentence."  Eaton v. Recktenwald,

No. 13-CV-4446-KBF, 2014 WL 2200458, at *2 (S.D.N.Y. May 27, 2014) (citing 28 C.F.R.

§ 545.10).  "[A] challenge to an IFRP is construed as a habeas petition under 28 U.S.C. § 2241."

United States v. Mercedes-Valdez, 08-CR-1137-RJS, 2025 WL 968576, at *2 (S.D.N.Y. Mar.

31, 2025); see also Eaton, 2014 WL 2200458, at *4 (section 2241 is the appropriate vehicle for

"challenges [to] the execution of a federal prisoner's sentence" (quoting Jiminian v. Nash, 245

F.3d 144, 146 (2d Cir. 2001))).

Mr. Hoti's motion under section 2241 fails for two reasons.  First, Mr. Hoti did not exhaust his administrative remedies.  United States v. Outlaw, No. 20-CR-00626-PMH, 2023 WL 5835745, at *1 (S.D.N.Y. Sept. 8, 2023) (denying a defendant's request to reduce restitution payments through IFRP because the "defendant has not alleged that she exhausted administrative remedies, and the Government represents that she has not filed any administrative claim"); (docket entry no. 143, at 3 (Government proffering that Mr. Hoti did "not file[] any administrative claim with BOP regarding his required payment under the IFRP")).  Second, Mr. Hoti did not file his motion in his current judicial district of confinement, which is Colorado. Outlaw, 2023 WL 5835745, at *1 (denying a defendant's request to reduce restitution payments through IFRP because the "request is improperly brought in the Southern District of New York, while she is presently confined in West Virginia"); https://www.bop.gov/mobile/find_inmate/byname.jsp (searching 72852-054 shows that Mr. Hoti is currently confined at USP Florence in Colorado).

Accordingly, Mr. Hoti's motion is denied without prejudice to pursuit of administrative remedies and litigation in an appropriate venue.  Docket entry no. 139 is resolved. The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Hoti at the address below.

SO ORDERED.

Dated: New York, New York
May 5, 2026

_/s/ Laura Taylor Swain_____
LAURA TAYLOR SWAIN
Chief United States District Judge

**Mail to:**

Pajim Hoti (No. 72852-054)
USP Florence
PO Box 7000
Florence, CO 81226